IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ERIC C. COLEMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21cv208 |
| | ) | |
| OFFICER JOSEPH LEONE | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the defendant, Officer Joseph Leone ("Officer Leone"), by counsel, and hereby answers the complaint (the "Complaint") of plaintiff, Eric C. Coleman (the "Plaintiff") and asserts his Affirmative Defenses as follows:

## JURISDICTIONAL STATEMENT

1.      Denied.  Paragraph 1 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 1 are denied.

2.      Denied.  Paragraph 2 of the Complaint contains conclusions of law to which no response is required.   Any remaining factual allegations in Paragraph 2 are denied.

3.      Denied.  Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 3 are denied.

## PARTIES

4.      Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 4 of the Complaint.  As such, the allegation(s) in Paragraph 4 are denied.

5.      Admitted in part and denied in part.  It is admitted only that Officer Leone was an officer employed by the Richmond Police Department, a resident of the Commonwealth of Virginia, and acted under the color of state law on or about February 14, 2018, when Plaintiff alleges four (4) warrants were erroneously issued for his arrest.  The remaining factual allegations set forth in Paragraph 5 are denied.

## FACTUAL ALLEGATIONS

*The unnumbered paragraph immediately preceding paragraph 6 in the Complaint is denied.*

6.      Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 6 of the Complaint.  As such, the allegation(s) in Paragraph 6 are denied.

7.      Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 7 of the Complaint.  As such, the allegation(s) in Paragraph 7 are denied.

8.      Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 8 of the Complaint.  As such, the allegation(s) in Paragraph 8 are denied.

9.      Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 9 of the Complaint.  As such, the allegation(s) in Paragraph 9 are denied.

10.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 10 of the Complaint.  As such, the allegation(s) in Paragraph 10 are denied.

11.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 11 of the Complaint.  As such, the allegation(s) in Paragraph 11 are denied.

12.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 12 of the Complaint.  As such, the allegation(s) in Paragraph 12 are denied.

13.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 13 of the Complaint.  As such, the allegation(s) in Paragraph 13 are denied.

14.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 14 of the Complaint.  As such, the allegation(s) in Paragraph 14 are denied.

15.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 15 of the Complaint.  As such, the allegation(s) in Paragraph 15 are denied.

***The unnumbered paragraph immediately preceding paragraph 16 in the Complaint is denied.***

16.     Denied.  Paragraph 16 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 16 are denied.

17.     Admitted in part and denied in part.  It is admitted only that on or about February 14, 2018, when Officer Leone issued warrants for the arrest of Eric Coleman, the victim was a certain Derrell Coleman.  It is further admitted that on or about February 14, 2018, Derrell Coleman indicated to Officer Leone that Eric Coleman was his brother.  Any remaining factual allegations in Paragraph 17 are denied.

18.     Denied.  Paragraph 18 of the Complaint refers to a document which speaks for itself and Plaintiff's characterization thereof is expressly denied.  Any remaining factual allegations in Paragraph 18 are denied.

19.     Denied.  Paragraph 19 of the Complaint refers to a document which speaks for itself and Plaintiff's characterization thereof is expressly denied.  Any remaining factual allegations in Paragraph 19 are denied.

20.     Denied.  Paragraph 20 of the Complaint refers to documents which speak for themselves and Plaintiff's characterization thereof is expressly denied.  Any remaining factual allegations in Paragraph 20 are denied.

21.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 21 of the Complaint.  As such, the allegation(s) in Paragraph 21 are denied.

22.     Denied.  Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 22 are denied.

23.     Denied.

24.     Denied.  Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 24 are denied.

25.     Denied.  Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 25 are denied.

26.     Denied.  Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 26 are denied.

**COUNT ONE**
**42 U.S.C. §1983 – Unreasonable Seizure/Malicious Prosecution in**
**Violation of the Fourth and Fourteenth Amendments**

27.     Officer Leone incorporates his answers and responses to all preceding paragraphs of the Complaint (numbered and unnumbered), as if set forth fully herein.  Any factual allegation not expressly admitted herein above is hereby denied.

28.     Denied.  Paragraph 28 of the Complaint refers to a section of the United States Code which speaks for itself and Plaintiff's characterization thereof is expressly denied.

29.     Denied.

30.     Denied.  Paragraph 30 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 30 are denied.

31.     Denied.  Paragraph 31 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 31 are denied.

32.     Denied.

33.     Denied.

34.     Denied.  Paragraph 34 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 34 are denied.

35.     Denied.  Paragraph 35 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 35 are denied.

36.     Denied.  Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 36 are denied.

**COUNT TWO**
**State Law Malicious Prosecution**

37.     Officer Leone incorporates his answers and responses to all preceding paragraphs of the Complaint (numbered and unnumbered), as if set forth fully herein.  Any factual allegation not expressly admitted herein above is hereby denied.

38.     Denied.  Paragraph 38 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 38 are denied.

39.     Denied.

40.     Denied.  Paragraph 40 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 40 are denied.

41.     Denied.  Paragraph 41 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 41 are denied.

42.     Denied.  Defendant is without knowledge or information sufficient to admit or deny the factual allegation(s) in Paragraph 42 of the Complaint.  As such, the allegation(s) in Paragraph 42 are denied.

43.     Denied.  Paragraph 43 of the Complaint contains conclusions of law to which no response is required.  Any remaining factual allegations in Paragraph 43 are denied.

## DAMAGES

44.     Denied.  Paragraph 44 of the Complaint, including each of its subparts is denied.

## CONCLUSION

WHEREFORE, defendant, Officer Joseph Leone, denies that the Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clauses following Paragraph 44 of the Complaint, and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in his favor and against the Plaintiff.

Any and all factual allegations not expressly admitted, whether numbered or unnumbered, are expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Officer Leone is shielded from liability under the doctrines of absolute and/or qualified immunity.

### SECOND DEFENSE

The Complaint fails to state a claim against Officer Leone upon which relief may be granted.

### THIRD DEFENSE

Officer Leone committed no wrong.

### FOURTH DEFENSE

Officer Leone reserves the right to amend this Answer in order to assert any additional affirmative defenses that may be uncovered or made know during the pendency of this action.

OFFICER JOSEPH LEONE


   /s/ *Mark C. Nanavati*
Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
Benjamin F. Dill, Esq. (VSB #93000)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3864 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Officer Joseph Leone*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 8th day of June, 2021, a true and accurate copy of the foregoing *Answer* was filed with the Clerk using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ *Mark C. Nanavati*

Mark C. Nanavati, Esq. (VSB #38709)
G. Christopher Jones, Jr., Esq. (VSB #82260)
Benjamin F. Dill, Esq. (VSB#93000)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 893-3866 (Nanavati)
(804) 893-3864 (Jones)
(804) 378-2610 (Facsimile)
mnanavati@snllaw.com
cjones@snllaw.com
*Counsel for Officer Joseph Leone*
